Ibsley, J.
This is an attachment suit instituted by the plaintiffs, a commercial firm, doing business in Boston, Mass., to recover from Isaac Kaiser and W. B; Bryan, residents of Woodville, Miss., the defendants, in solido, the sum of five thousand one hundred and twenty-six dollars and interest.
The plaintiffs attached, as the property of the defendants, a considerable quantity of merchandise upon the steamer Saratoga, then lying at the levee in the city of New Orleans.
The defendants, by the curator appointed to represent them, filed a general denial.
Robert Semple intervened, claiming to be the Iona fide and lawful owner of ah the property and effects attached, and alleged the same were not liable in law pr equity, to be seized as belonging to the defendants, and prayed that it might be decreed, contradictorily with the plaintiff, that he was the sole owner of the goods attached, and be quieted in his possession and ownership of the same.
The plaintiffs answered the intervenor’s-petition by a general denial, and by consent of the parties the property seized was bonded by the intervenor. Judgment was rendered in favor of the plaintiffs and against the defendants, in accordance with the plaintiffs’ petition, and the intervenor’s demand, having been dismissed, he appealed.
The case being on trial, the intervenor offered in evidence the depositions of Isaac Kaiser, one of the defendants, to prove that the property attached belonged to him; and there is a bill of exceptions taken by the intervenor to the ruling of the Court excluding Kaiser’s evidence, because he is a party to the suit, and interested. The mere fact of the witness being a party to the record, does not disqualify him as a witness. See 1 An. 228. 2 An. 890. 5 N. S. 464. & An. 67. If interested, he was incompetent at the time to testify. The success of the intervenor would have relieved the property seized from the attachment and the defem dant, whose evidence was offered, from the costs of suit, for the Court would then regularly have been without jurisdiction, and the suit dis* missed. -4 An. 187. 14 An.' 874. But, if the plaintiff could sustain his claim against the defendant, the witness would -testify against his interest *271 in favor of tlie intervenor; because, if lie maintained' this intervenor’s title to the property, it would leave the deféndants’ debt to tlie plaintiff still due. . His interest, thus counterpoised, is against the party calling him. 11 An. 404. 5 Rob. 442. 8 Rob. 227.
We think his evidence was improperly excluded. As the evidence improperly excluded is in the record, it will be considered, and the caso will not be remanded. .14 An. 61. 13 An. 445, '12 A. 12 and 50. 11 A, 404. The intervenor’s claim, to the property attached, is clearly established.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court, dismissing the intervenor’s claims to the property attached, be annulled, avoided and reversed; and it is further ordered, that he be adjudged the sole owner of the goods, wares and merchandise, the property, and effects attached in this suit, that ho be quieted in his possession and ownership thereof, the costs of intervention to bo paid by the plaintiff and appellee.
Rehearing refused.